NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LOREN MILLER; SARAH MILLER,<br><br>            Debtors,<br><br>-----------------------------<br><br>LOREN MILLER,<br><br>            Appellant,<br><br>  v.<br><br>JEREMY W. FAITH, Trustee,<br><br>            Appellee. | No. 16-55032<br><br>D.C. No. 2:14-cv-01681-DOC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Chapter 7 debtor Loren Miller appeals pro se from the district court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the bankruptcy court's orders denying his motions to convert his petition and to transfer venue. We have jurisdiction under 28 U.S.C. § 158(d). We review the bankruptcy court's decision independently, without giving deference to the district court. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by denying Miller's motion to convert his Chapter 7 bankruptcy proceedings to Chapter 11 bankruptcy proceedings because the record supports the bankruptcy court's finding that Miller had acted in bad faith. *See* 11 U.S.C. § 105(a) (granting courts power to take any action or make any determination necessary to prevent an abuse of process); *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373-76 (2015) (the right to convert bankruptcy proceedings is impliedly limited by the bankruptcy court's power to take any action necessary to prevent bad-faith conduct or abuse of the bankruptcy process); *see also In re Rosson*, 545 F.3d at 771 (9th Cir. 2008) (reviewing for an abuse of discretion a bankruptcy court's decision to convert a bankruptcy case, and for clear error its factual findings).

The district court did not abuse its discretion by denying Miller's motion to transfer his bankruptcy proceedings because Miller has not demonstrated that such

relief is in the interest of justice or for the convenience of the parties. *See* Fed. R. Bankr. P. 1014 (bankruptcy court may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (standard of review).

Miller's motions to file a late reply brief (Docket Entry Nos. 18, 19) are denied as moot.

Miller's request to take judicial notice of the underlying proceedings, set forth in his opening brief, is denied as unnecessary.

**AFFIRMED.**